# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT OKUMOTO,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br><br>        Defendant. | CASE NO. 2:19-cv-02658-SK<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

In April 2019, Plaintiff filed a complaint challenging Defendant's denial of social security benefits. (ECF 1). In November 2019, the Court granted the parties' stipulated request for an extension of time and gave Plaintiff until February 4, 2020 to file a motion for summary judgment. (ECF 22). Plaintiff missed the February 2020 deadline, and, consequently, the Court issued an order to show cause why this action should not be dismissed for failure to prosecute. (ECF 23). As of today, Plaintiff has still not filed his motion, a request for an extension of time to do so, or any other document suggesting his intent to prosecute this action. Thus, this action may be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b); *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002).

When determining whether to dismiss an action on this basis, the

Court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [respondent]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam). All five factors support dismissal here.

First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999). Second, the Court's management of its docket is impeded when, as here, Plaintiff has not complied with court orders. *See Pagtalunan,* 291 F.3d at 642. Third, "failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice." *Anderson v. Air West, Inc.,* 542 F.2d 522, 524 (9th Cir. 1976). Fourth, despite the public policy favoring disposition of cases on their merits, it is Plaintiff's overriding responsibility to move a case toward that merits disposition. *See Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991). Finally, no sanction short of dismissal is feasible. *See Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986). The Court warned Plaintiff that his failure to comply with court orders may result in involuntary dismissal. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992). And given Plaintiff's pro se status, monetary and other lesser sanctions are not practical or feasible.

THEREFORE, the Complaint is DISMISSED for lack of prosecution. Judgment dismissing this action will be entered accordingly.

**IT IS SO ORDERED.**

DATED: __April 8, 2020__

_____
HON. STEVE KIM
U.S. MAGISTRATE JUDGE